UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                              15 CR 288

RAYSHAWN BARNES,

            Defendant.

------------------------------x

                                    New York, N.Y.
                                    September 25, 2015
                                    11:22 a.m.

Before:

                HON. RONALD L. ELLIS

                                Magistrate Judge

                      APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
BENET KEARNEY
    Assistant United States Attorney

SHER TREMONTE LLP
    Attorneys for Defendant
EMILY BURGESS
MICHAEL TREMONTE

```
 1                (In open court; case called)
 2                MS. KEARNEY:  Benet Kearney for the government.
 3                THE COURT:  Good morning.
 4                MS. BURGESS:  Emily Burgess for the defendant.  Good
 5   morning, your Honor.
 6                THE COURT:  Good morning.
 7                MR. TREMONTE:  Michael Tremonte for the defendant.
 8   Good morning, your Honor.
 9                THE COURT:  Good morning.
10                What are we going to be doing today?
11                MS. KEARNEY:  This is a change of plea, your Honor.
12   Judge Berman has referred it to your magistrate court.
13                THE COURT:  What is the defendant pleading to?
14                MS. KEARNEY:  18 U.S.C. 922(g)(1) felon in possession
15   of a firearm.
16                THE COURT:  One count?
17                MS. KEARNEY:  Yes.  There is no plea agreement.
18                THE COURT:  Thank you.
19                Will the defendant please stand.
20                I am Judge Ellis.  The purposes of this proceeding is
21   that you've been referred by Judge Berman for the purpose of
22   taking your plea before a magistrate judge.  Has that process
23   been explained to you?
24                THE DEFENDANT:  Yes.
25                THE COURT:  Did you sign a consent to proceed before a
```

Case 1:15-cr-00288-RMB   Document 27   Filed 10/09/15   Page 3 of 14         3
F9P9BARP

1   United States magistrate judge under a felony plea allocution?
2           THE DEFENDANT:  Yes.
3           THE COURT:  Before you signed it, did you discuss it
4   with your attorney?
5           THE DEFENDANT:  Yes.
6           THE COURT:  Did your attorney explain it to you?
7           THE DEFENDANT:  Yes.
8           THE COURT:  Do you understand that you're under no
9   obligation to have this plea before a magistrate judge and you
10  have an absolute right to have this before a United States
11  district judge?
12          THE DEFENDANT:  Yes.
13          THE COURT:  And you're voluntarily proceeding before a
14  United States magistrate judge?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Mr. Barnes, you've been charged in a
17  one-count indictment.  That indictment 15 CR 288 charges you
18  with being a -- with possessing a firearm after having been
19  convicted of a felony in violation of Title 18 United States
20  Code Section 922(g)(1).  This charge carries a maximum term of
21  ten years imprisonment, a maximum term of three years
22  supervised release, a maximum fine which is the greatest of
23  either $250,000 or twice the gross pecuniary gain derived from
24  the offense or twice the gross pecuniary loss to persons other
25  than yourself as a result of the offense.  There is a $100

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F9P9BARP

1   mandatory special assessment.
2              Do you understand these penalties as I've read them to
3   you?
4              THE DEFENDANT:  Yes.
5              THE COURT:  Do you also understand that if you're
6   sentenced to any period of supervised release and violate the
7   conditions of your supervised release, you may be sentenced to
8   all or part of the terms of supervised release?
9              THE DEFENDANT:  Yes.
10             THE COURT:  Mr. Barnes, are you a citizen of the
11  United States?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Have you seen a copy of the indictment in
14  which the government makes this charge against you?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Have you discussed it with your attorney?
17             THE DEFENDANT:  Yes.
18             THE COURT:  Are you prepared to enter a plea today?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Rayshawn Barnes how do you plead to the
21  indictment in 15 CR 288?
22             THE DEFENDANT:  Guilty.
23             THE COURT:  Before I can recommend that your plea be
24  accepted I must determine that you understand the plea and its
25  consequences, that the plea is voluntary, and that there is a

F9P9BARP

1  factual basis for the plea.  For that purpose I must ask you a
2  number of questions and your answers must be under oath.  Do
3  you understand that the answers you give under oath may subject
4  you to prosecution for perjury if you do not tell the truth?
5            THE DEFENDANT:  Yes.
6            THE COURT:  Please raise your right hand.
7            (Defendant sworn)
8            Please state your full name for the record.
9            THE DEFENDANT:  Rayshawn Barnes.
10           THE COURT:  What is your date of birth?
11           THE DEFENDANT:  4-7-90.
12           THE COURT:  How far did you go in school?
13           THE DEFENDANT:  11th grade.
14           THE COURT:  You completed the 11th grade?
15           THE DEFENDANT:  Yes.
16           THE COURT:  Are you currently being treated by a
17  doctor or psychiatrist for any reason?
18           THE DEFENDANT:  Doctor.
19           THE COURT:  Being treated by a doctor?
20           THE DEFENDANT:  Yes.
21           THE COURT:  Are you taking any medications?
22           THE DEFENDANT:  No.
23           THE COURT:  You haven't taken any medications in the
24  last 24 hours?
25           THE DEFENDANT:  No.

1            THE COURT:  Have you ever been treated for alcoholism
2    or drug addiction?
3            THE DEFENDANT:  No.
4            THE COURT:  Are you feeling all right today?
5            THE DEFENDANT:  Yes.
6            THE COURT:  Physically?
7            THE DEFENDANT:  Yes.
8            THE COURT:  Are you having any difficulty seeing,
9    hearing or understanding any of these proceedings?
10           THE DEFENDANT:  No.
11           THE COURT:  Have you had enough time to discuss with
12   your attorney how you wish to plead?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Are you satisfied with your attorney?
15           THE DEFENDANT:  Yes.
16           THE COURT:  Do you understand what the government says
17   that you did?
18           THE DEFENDANT:  Yes.
19           THE COURT:  Do you understand that you have a right to
20   plead not guilty?
21           THE DEFENDANT:  Yes.
22           THE COURT:  Do you understand that you have a right to
23   a trial by jury on these charges?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Do you understand that if you were to

1     plead not guilty and go to trial you'd be presumed innocent
2     until the government proved your guilt beyond a reasonable
3     doubt?
4              THE DEFENDANT:  Yes.
5              THE COURT:  Do you understand that at a trial you
6     would have a number of important constitutional rights
7     including the right to be represented by counsel and to have
8     counsel appointed for you if you cannot afford an attorney?
9              THE DEFENDANT:  Yes.
10             THE COURT:  Do you understand that you have a right to
11    an attorney at every stage of the criminal proceedings?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Do you understand that at trial you cannot
14    be forced to testify against yourself?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Do you understand that at trial you'd have
17    the right to confront and cross-examine witnesses called by the
18    government?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Do you understand that at a trial you
21    would have the right to testify yourself and to call witnesses
22    on your behalf and to compel their attendance by subpoena if
23    necessary?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Do you understand that if your guilty plea

Case 1:15-cr-00288-RMB   Document 27   Filed 10/09/15   Page 8 of 14      8
F9P9BARP

1  is accepted there will be no trial of any kind and the only
2  remaining steps in your case will be a presentence report and
3  sentencing by Judge Berman?
4          THE DEFENDANT:  Yes.
5          THE COURT:  Have you discussed with your attorney the
6  role that the sentencing guidelines play at sentencing?
7          THE DEFENDANT:  Yes.
8          THE COURT:  Do you understand that there will be a
9  calculation in your case under those guidelines?
10         THE DEFENDANT:  Yes.
11         THE COURT:  Do you understand that that calculation
12 will take into account a number of factors, including the
13 actual conduct in which you engaged, any victims of the
14 offense, the role that you played in the offense, whether or
15 not you have accepted responsibility for your acts, whether you
16 have any criminal history, and whether you have engaged in any
17 obstruction of justice?
18         Do you understand that?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Have those factors been explained to you
21 by your attorney?
22         THE DEFENDANT:  Yes.
23         THE COURT:  Between now and the date of sentencing the
24 probation department will conduct an investigation and will
25 prepare a presentence report.  Your attorney, the government,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    and Judge Berman will receive copies.  Both your attorney and
2    the government will have the opportunity to object if they
3    believe anything in this report is inaccurate.
4             Do you understand that?
5             THE DEFENDANT:  Yes.
6             THE COURT:  Do you understand that until this report
7    is prepared neither your attorney nor the government nor Judge
8    Berman will be able to determine precisely what range of
9    penalties will be calculated under the guidelines?
10            THE DEFENDANT:  Yes.
11            THE COURT:  Do you understand that regardless of the
12   calculation under the guidelines the maximum penalties in your
13   case shall not exceed those I mentioned earlier?
14            THE DEFENDANT:  Yes.
15            THE COURT:  Do you understand that regardless of the
16   calculation under the guidelines that Judge Berman will still
17   retain discretion as to the actual penalties to be imposed in
18   your case?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Do you understand that in addition to the
21   guidelines that Judge Berman will also consider the factors
22   that are set forth in 18 United States Code Section 3553(a)?
23            THE DEFENDANT:  Yes.
24            THE COURT:  Have those factors been explained to you
25   by your attorney?

1             THE DEFENDANT:  Yes.

2             THE COURT:  Do you understand that under certain

3    circumstances both you and the government may have a right to

4    appeal the sentence imposed?

5             THE DEFENDANT:  Yes.

6             THE COURT:  Do you understand that if the sentence is

7    more severe than you expected you'll be bound by your guilty

8    plea and will not be permitted to withdraw it?

9             THE DEFENDANT:  Yes.

10            THE COURT:  Do you understand that parole has been

11   abolished and that if you're sentenced for any period of

12   imprisonment you'll be required to serve the entire term?

13            THE DEFENDANT:  Yes.

14            THE COURT:  Mr. Barnes, I've been handed up what's

15   called a Pimentel letter in your case.  In this letter the

16   government estimates what would be the calculation under the

17   guidelines.  Have you reviewed this with your attorney?

18            THE DEFENDANT:  Yes.

19            THE COURT:  Do you understand that according to the

20   government's calculation they estimate that the guideline range

21   would be 63 to 78 months?

22            (Pause)

23            THE DEFENDANT:  All right.  Yeah.

24            THE COURT:  You understand that's the government's

25   calculation?

Case 1:15-cr-00288-RMB   Document 27   Filed 10/09/15   Page 11 of 14    11
F9P9BARP

```
1                THE DEFENDANT:  Yes.
2                THE COURT:  Do you understand that the actual
3    calculation after the presentence report may be different?
4                THE DEFENDANT:  Yes.
5                THE COURT:  And do you understand that regardless of
6    whether or not the government's calculation is correct or
7    regardless of what the actual calculation is under the
8    guidelines that Judge Berman still will have discretion as to
9    the actual penalty to be imposed in your case?
10               THE DEFENDANT:  Yes.
11               THE COURT:  Has anyone made any promises to you to
12   influence you to plead guilty?
13               THE DEFENDANT:  No.
14               THE COURT:  Has anyone promised you a specific
15   sentence if you plead guilty?
16               THE DEFENDANT:  No.
17               THE COURT:  Has anyone made any threats to you to
18   influence you to plead guilty?
19               THE DEFENDANT:  No.
20               THE COURT:  Are you making this plea voluntarily, that
21   is of your own free will and choice?
22               THE DEFENDANT:  Yes.
23               THE COURT:  Elements of the offense.
24               MS. KEARNEY:  Yes, your Honor.
25               If this case were to proceed to trial the government
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  would be required to prove beyond a reasonable doubt:  First,
2  that the defendant knowingly possessed a firearm; second, that
3  the defendant's possession of that firearm was in or affecting
4  interstate commerce; and third, that prior to the possession of
5  the firearm the defendant was convicted in any court of a crime
6  punishable by imprisonment for more than one year.  The
7  government would also be required to prove venue in the
8  Southern District of New York by a preponderance of the
9  evidence.
10              THE COURT:  Thank you.
11              Mr. Barnes, did you hear the elements of the offense?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Do you understand that if the government
14  were to proceed to trial against you it would have the burden
15  of proving each and every element of the offense beyond a
16  reasonable doubt?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Did you commit the offense with which you
19  have been charged?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Tell me what you did.
22              THE DEFENDANT:  On or about April 16, 2015 I possessed
23  a firearm in the Bronx and I knew my conduct was wrong.
24              THE COURT:  Prior to that had you been convicted of a
25  felony?

F9P9BARP

1      THE DEFENDANT:  Yes.
2      THE COURT:  Do you remember when that was?
3      THE DEFENDANT:  2009, if I'm not -- 2009.
4      MS. KEARNEY:  The government proffers, your Honor,
5  that it was on May 14, 2009.
6      THE COURT:  I assume the government will proffer that
7  they can prove that this affected interstate commerce.
8      MS. KEARNEY:  That's correct.
9      THE COURT:  Anything that you wish me to allocute on
10 beyond what the defendant has already allocuted to?
11     MS. KEARNEY:  That's sufficient, your Honor.  Thank
12 you.
13     THE COURT:  Does either counsel know of any reason why
14 I should not recommend this plea?
15     MS. KEARNEY:  No.
16     MS. BURGESS:  No, your Honor.
17     THE COURT:  Based on the defendant's allocution, I
18 find that he understands the nature of the charges and the
19 consequences of his guilty plea.  I also find that the plea is
20 voluntary and that there is a factual basis for the plea.  I
21 therefore recommend that the plea be accepted and direct that a
22 presentence report be prepared.
23     Sentencing will take place before Judge Berman on
24 January 27, 2016 at 11:00 a.m.
25     Is there anything else that needs to be addressed with

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F9P9BARP

1   respect to the defendant today?
2             MS. KEARNEY:  Just to put on the record Judge Berman
3   has scheduled a plea acceptance hearing for October 5 at 11:00
4   a.m.
5             THE COURT:  Anything else?
6             MS. BURGESS:  Nothing from the defense, your Honor.
7             MS. KEARNEY:  No, your Honor.  Thank you.
8             THE COURT:  Then the government will prepare the
9   prosecution case summary in the next 14 days.  Defense counsel
10  make yourself available for interview by probation.  Other than
11  that we are adjourned.  Thank you.
12            (Adjourned)
13
14
15
16
17
18
19
20
21
22
23
24
25