Law Offices
# CHRISTOPHER MADIOU

Woolworth Building  
233 Broadway – Suite 2208  
New York, NY 10279

P (917) 408 - 6484  
F (212) 571 - 9149  
chris@madioulaw.com

www.madioulaw.com

August 24, 2016

**The Honorable Richard M. Berman**  
Senior United States District Judge  
Southern District of New York  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

      Re:    <u>**United States v. Tashane Benjamin**, S1 15 CR 288 (RMB)</u>

Dear Judge Berman,

      This letter is submitted in connection with the sentencing of Tashane Benjamin, which will take place on September 13, 2016 at 10:00 am. I have reviewed the Presentence Investigation Report ("PSR") dated June 27, 2016 with my client and we have no substantive corrections or objections. We agree with the guidelines calculation therein, which was stipulated to in Mr. Benjamin's plea agreement—offense level 21; criminal history category I; guideline range of 37-46 months with a mandatory minimum term of incarceration of 60 months.[1] For the following reasons, I respectfully ask Your Honor to sentence Mr. Benjamin to 60 months incarceration—a sentence which is 14-months longer than the top of his guideline range, and a sentence recommended by the United States Probation Department.[2]

## The Offense Conduct

      On May 4, 2016, Mr. Benjamin pleaded guilty to Count 1, participating in a conspiracy to violate the narcotics laws of the United States, before the Honorable Sarah Netburn. He has taken responsibility for participating in the sale of at least 28 grams of crack, but less than 196 grams of crack. Mr. Benjamin's crimes are serious, as he has readily acknowledged to the Court. However, there is more to the 24-year-old defendant who will be sentenced by Your Honor than the mistakes he has made and the crimes he has committed. After a life of adversity, Mr. Benjamin has taken steps over the last year to put his life into focus and leave the bureau of prisons a transformed man and reenter society as a productive citizen.

## The Defendant

      Tashane Benjamin was born in the Bronx on June 7, 1992. He is the youngest of four children born to Ricardo Dorsett, 55, and Carlene Benjamin. Mr. Benjamin was raised primarily by his mother and his maternal grandmother. However, when Mr. Benjamin was just four years old, his mother was diagnosed with advanced-stage leukemia—she passed away two years later,

---

[1] *See*, PSR ¶¶ 22-32, 68-69.  
[2] *Id* at p. 21.

when Mr. Benjamin was six. After his mother's tragic death, he moved to Antigua to live with his grandmother, a loving caregiver but a strict disciplinarian.[3]

Mr. Benjamin returned to the Bronx to live with his father when he was eleven. Their reunion did not go well. He reports that his father often put his then-girlfriend first and Mr. Benjamin felt marginalized and neglected. After two difficult years at his father's, Mr. Benjamin left home for good at the age of 13. As the PSR addendum rightly points out, Mr. Benjamin's "early independence [may have been the] result of his father's neglect, his own unwillingness to abide by his father's rules, or a combination of both."[4] Mr. Benjamin recognizes that it was most certainly a combination of the two; he commented to Probation that "[my] father did his best, considering the situation."[5]

Regardless of fault, Mr. Benjamin found himself homeless, sleeping on friends' couches and increasingly dependent on drugs at a shockingly young age. By 14, and up until his arrest on the instant matter, Mr. Benjamin was smoking marijuana daily.[6] In 2011, Mr. Benjamin was struck from behind by a car while walking in his neighborhood. He underwent surgery on his lower back at Jacobi Medical Center and doctors prescribed him Percocet to control his pain. Mr. Benjamin immediately took to the pills and they subsequently became the second pillar of his addiction.[7] The eight months he has spent incarcerated on the instant matter represents the single longest stretch of sobriety he has had in a decade.

According to a June 2011 study by the National Center for Addiction and Substance Abuse ("CASA") at Columbia University, adolescent substance abuse is the United States' number one health problem.[8] The CASA report argues that childhood trauma—including abuse, neglect, and household dysfunction—is a significant risk factors for adolescent substance abuse. "Substance abuse, like any other self-harming behavior, begins as a survival strategy. It starts out as a way to regulate dysregulated arousal states that may develop as a result of: disorganized attachment issues … and grief and loss."[9] There is a wealth of study on the confluence of substance abuse and the adolescent brain—"The adolescent brain is often likened to a car with a

---

[3] PSR ¶¶ 41-42.
[4] *Id* at p. 21.
[5] *Id* ¶ 45.
[6] *Id* ¶ 53.
[7] *Id* ¶ 50.
[8] *See*, *Adolescent Substance Abuse: America's #1 Public Health Problem*, The National Center for Addiction and Substance Abuse, http://www.centeronaddiction.org/addiction-research/reports/adolescent-substance-use (last visited August 24, 2016).
[9] *Adolescent Substance Abuse and Trauma*, The Institute for Advanced Psychotherapy Training and Education, Inc., by Denise Tordella, MA, LPC, http://www.lisaferentz.com/2011/08/adolescent-substance-abuse-and-trauma/ (last visited August 22, 2016).

fully functioning gas pedal (the reward system) but weak brakes (the prefrontal cortex)."[10]

     This exact confluence was certainly at work in Mr. Benjamin as he tried to navigate his independence at age 14. He turned to drugs for the same survival reasons discussed above—he was alone, searching for direction and grieving the loss of his stable family. It affected every aspect of his life and certainly led him down the path which ends with his sentencing before this Court. The above is certainly not an excuse for criminal conduct—Mr. Benjamin, as evinced in the PSR and his allocution before the Court, takes full responsibility for his actions. Rather, it is proffered for the Court's consideration because the BOP has tried to address this very problem in its creation of the Residential Drug Abuse Program ("RDAP"). Probation has also suggested that the Court recommend Mr. Benjamin for RDAP.[11]

     The RDAP is a 500-hour residential drug program which was conceived to address the very challenges Mr. Benjamin faces regarding his drug addictions: eliminate relapse and recidivism, improve education and strategic thinking, and plan for the challenges of reentry. Mr. Benjamin has already taken advantage of the modest programs that are available to him now. He has completed anger management, various general education courses and participated in MCC's drug program.[12] We agree with Probation that Mr. Benjamin meets the criteria for RDAP and we respectfully ask Your Honor to recommend that BOP place him in the program.

     Mr. Benjamin also has the loving support of a long-term girlfriend. Probation notes that "[s]he appears to be a very responsible and driven young lady, who holds down three jobs and is preparing to graduate from college with a nursing degree in December 2016. She and her family have reportedly attempted to motivate the defendant to work toward a more positive future."[13] Mr. Benjamin has also reconnected with his father, who has helped him obtain employment as an auto mechanic—Mr. Benjamin is passionate about his newly found trade and is eager to rejoin the company he worked for before his arrest.[14] Despite his mistakes, his support system remains in place and they look forward to welcoming him back into their lives.

---

[10] *Principals of Adolescent Substance Use Disorder Treatment: A Research-Based Guide*, National Institute on Drug Abuse, https://www.drugabuse.gov/publications/principles-adolescent-substance-use-disorder-treatment-research-based-guide/introduction (last visited August 23, 2016).

[11] *See*, PSR at p. 21.

[12] It should be noted that Mr. Benjamin was transferred to MDC from MCC shortly after his plea of guilty. Because of the move, Mr. Benjamin was not able to complete his GED course study nor his drug program. He is looking forward to continuing his studies at his designated facility.

[13] *See*, PSR at p. 21.

[14] Letters from Mr. Benjamin's girlfriend, his father and his employer are attached hereto as Exhibit A.

**Conclusion**

      Mr. Benjamin has fully accepted responsibility for his wrongdoing. We ask the Court for the lowest sentence authorized by statue: 60 months. 60 months represents a sentence that is 14-months higher than the top of his sentencing guideline range. It is therefore sufficient, but not greater than necessary to achieve the goals of 18 U.S.C. § 3553 (a). We also ask that the Court recommend that the BOP place Mr. Benjamin in the RDAP to help him on his journey to permanent sobriety.

      In consideration of the above, I ask the Court to weigh against the punishment his crimes deserve an awareness of the good man he is, as well as a recognition of the difficulty he has experienced in his young life and his inherent ability to overcome and become a productive member of society.

      Respectfully submitted,

Christopher Madiou

Cc:    Hagan Scotten
         Assistant U.S. Attorney (by ECF and e-mail)

# Exhibit A

    I am writing this letter on behalf of my boyfriend Tashane Benjamin. By no means do I write this letter to declare that Tashane is innocent but, I want to voice my opinion on the type of person I believe Tashane to be. When I first met Tashane, he had nothing! No job, no money, not even a home. Yet his kind heart and funny sense of humor captivated me. I say this to say that Tashane is not a bad person. If he was, I wouldn't be still here till this very day supporting him through this storm. We all make mistakes but what I think is most important is the lesson you learn from it. Tashane has never been convicted before and I believe that this experience is what made Tashane grow into the wise, mature adult he is today. From the day Tashane walked through those prison doors I've seen growth in his attitude and his mind set. I've watch Tashane struggle and go through the worst. From sleeping on friends couches to sleeping in cars. This motived him to get a 9-5 job in something he loves doing. It's so hard in today's society as a young black male to start from nothing, reach somewhere comfortable in your life and get it all taken away from you just to start all over. I can go on and on about Tashane but the message that I am trying to get across is that Tashane should be giving another chances to show and prove that he can become a assets to our society instead of a liability.

                                                                                               Sincerely,

Cashae' Rochester

February 2, 2016

To whom it may concern:

My name is Mark Scott, I am one of the managers at Boston Road Collision located in the Bronx at 2955 Boston Rd. I am writing in regards of Tashane Benjamin. Although Tashane wasn't working for the company for a long period of time, within the few months that he has worked for us he showed his dedication by always being on time and doing what he is told. Tashane is a hard worker, he's dependable and he is always determined to get the job done. It's a real pleasure to have him work for us. Tashane works approximately forty hours a week Monday through Friday and he comes in on Saturdays for a few hours to learn more on how to fix and set up the cars. If Tashane is released, he still will be able to come back and work for us where he detail and prep cars for painting and does photo inspections. In general he is a good kid and was looking to change his life around. If there are any further questions, I can be reached at 305-985-9865.

Sincerely,
Mark Scott

To whom it may concern,

    I am writing this letter to inform you that my son, Tashane Benjamin will be staying with me at my house at the following address: 927 E. 229th street Bronx,NY 10466 if allowed to be released home on bail. If there are any questions or concerns, you can contact me at (347)475-6757.

                          Ricardo Dorsett